HAMITER, Justice.
As the alleged holder of a valid chattel mortgage on a certain 1946 Buiek sedan, Aid Investment & Discount Incorporated, in this cause, has sued James B. Matranga to recover the sum of $2,900, the asserted value of such automobile. According to the allegations of its petition, plaintiff “seeks a judgment against the said James B. Matranga, doing business as Jay Bee Used Car Lot, for the wrongful conversion of the said car, and for damages for wrongfully and willfully secreting said car and disposing of same to the prejudice of plaintiff.”
From a judgment dismissing the suit plaintiff is appealing.
The record discloses that the automobile in question was sold on September 8, 1948, in Toledo, Ohio, by Burt Donoher to one James V. Commisso, the price therefor of $2,825.24 having been represented entirely by the purchaser’s promissory note, secured by a chattel mortgage, which was assigned to this plaintiff.
On October 28, 1948 Commisso appeared at defendant’s used car lot (known as Jay Bee’s) on St. Charles Avenue in the City of New Orleans and offered to sell the automobile for $1,800. To Walter Led-better, who then had charge of such lot and worked for defendant on a commission basis, Commisso exhibited a bill of sale, made in his favor and purportedly signed before a notary public by Burt Donoher in Memphis, Tennessee, on October 21, 1948, which described the vehicle and declared that no encumbrances affected it.
Thereupon, Ledbetter telephoned to the defendant at his other used car lot on Claiborne Avenue, where he usually stayed, and informed him of the offer. This led to and resulted in an agreement whereby Commisso would immediately receive $1,500 from a loan to be obtained on the vehicle; he would get an additional $300 later if and when the car was sold from defendant’s St. Charles Avenue lot; and defendant and Ledbetter would split any profit from the contemplated sale.
On the same day, in keeping with the agreement, Commisso and Ledbetter executed an instrument reciting that the vehicle was sold to “Jay Bee’s Used Car Company” for $1,497 cash; and Commisso received the sum of $1,500 which the defendant obtained as a loan from the General Finance Company of New Orleans by the giving of his note secured by a chattel mortgage on the automobile.
Four or five days thereafter, while the car was being displayed for sale, Commisso again contacted Ledbetter and proposed to discount his remaining $300 interest, he agreeing to accept therefor $200 if paid to *575 him immediately. When the defendant was informed by telephone of this proposal, he became suspicious, went to the St. Charles Avenue lot, and called the New Orleans police who came and arrested Commisso.
Meanwhile, officers of the plaintiff company, which is domiciled in the State of Ohio, initiated a search for Commisso and the automobile, a check for $200 given as payment on his note held by it having been returned marked “N.S.F.”. And on November 2, 1948', or about the date of Commisso’s arrest, plaintiff was notified by the Ohio State police that the automobile had been located in the City of New Orleans.
During the week-end of November 5, 1948 plaintiff engaged the services of a New Orleans attorney (its present counsel) who telephoned defendant and learned that the car was on the St. Charles Avenue lot. According to the attorney the defendant, when informed of plaintiff’s chattel mortgage, assured him that the vehicle would remain there pending further developments (the defendant denied having given such assurance). But when the attorney telephoned the defendant subsequently he received the information that the car had been removed. Whereupon the attorney, to quote his testimony, “told Mr. Matranga that if he didn’t come up with the car that it would be necessary for me to file suit against him. He told me that he was following his attorney’s advice and I could talk to the General Finance Company and could discuss the matter with them. Since that time I have diligently attempted to locate the car and have been unable to find the car.” (Italics ours.)
Several months thereafter a suit was instituted by this plaintiff to recover a personal judgment against the present defendant and, further, to have its chattel mortgage decreed superior to the one held by the General Finance Company which also was cited. That proceeding, after trial of its merits, was dismissed as of non-suit.
Only James B. Matranga is made defendant in the instant action which was instituted September 26, 1951, almost three years after the negotiations with Commisso. And recovery of damages is demanded on the theory, as before shown, that he wrongfully converted the automobile by willfully secreting and disposing of it to the prejudice of plaintiff after learning of the existence of the latter’s chattel mortgage.
According to the defendant the car was on the lot when the police, at his request, arrested and carried away Commisso; later, however, it was removed, during his absence therefrom, without any action on his part or even his consent. As to who removed it and its subsequent whereabouts he had no personal knowledge. But his information was that either the police seized and held it as evidence or that the General Finance Company took possession of the vehicle.
Tending to support the last-mentioned alternative is a notation, dated March 3, 1949, made on a ledger sheet of the plain *577 tiff company which describes Commisso’s account. It recites : “Car converted by purchaser in New Orleans, La. Dealer purchased car and floor planned by Finance Company. Attorney for Finance Co. refuses to release car. We are suing for judgment. Commisso is in jail.” Assuredly, the matter of the finance company’s refusal to release the car would have been of no importance -had it not then held possession. (Italics ours.)
Plaintiff, on the other hand, offered no satisfactory evidence in contradiction of defendant’s emphatic denial that he had any part in the disposal of the automobile. It made no attempt whatever to show that neither the police nor the General Finance Company had effected the removal, as was suggested by the defendant and indicated by the above quoted notation. Rather, for the success of this action it relies merely on the fact that the vehicle departed from defendant’s lot and, further, on the testimony of its attorney that “I have diligently attempted to locate the car and have been unable to find the car.”
But clearly these factors are insufficient for discharging the burden, which plaintiff concededly carried, of proving a wrongful conversion, assuming that as a mere holder of a chattel mortgage such company is entitled to resort to an action of this kind. Some one other than defendant might well have committed the offending act. And the attorney’s statement that he made a diligent attempt to locate the car was no more than the recital of a conclusion, he having failed to disclose any particular efforts in that respect. It does not even appear that he questioned the finance company or enlisted ■the aid of the police department. Consequently, we cannot conclude that the trial judge erred in dismissing plaintiff’s suit.
■ For the reasons assigned the judgment appealed from is affirmed.